IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILLY HAYES,

        Plaintiff,

v.                                                                        CIV 10-0206 BB/GBW

RUSSELL K. PETERSON,
Chief of Police of the City
of Truth of Consequences,

        Defendant.

## ORDER

**THIS MATTER** comes before the Court on Defendant Russell K. Peterson's "Motion to Stay Discovery" ("Motion to Stay"). *Doc. 28.* For the reasons outlined below, the Court will grant the Motion to Stay.

**I.    PROCEDURAL HISTORY**

On March 3, 2010, Plaintiff filed the Complaint giving rise to the above-captioned case. *Doc. 1.* Therein, Plaintiff asserts claims against Defendant for "denial of equal protection based on age" and "denial of equal protection based on race/national origin" in violation of 42 U.S.C. § 1983. *Id.* at 5-6. In addition, Plaintiff advances a state claim of "malicious prosecution." *Id.* at 6.

On March 10, 2011, Defendant filed his "Motion to Dismiss on Grounds of Statute of Limitations and Qualified Immunity" ("Motion to Dismiss"). *Doc. 22.* As implied by the

pleading's title, Defendant raises the issue of qualified immunity in the Motion to Dismiss. *Id.* at 12-22. Thereafter, on April 1, 2011, Defendant filed the instant Motion to Stay. *Doc. 28*. Plaintiff's Response followed on April 12, 2011, and responsive pleading came to a conclusion with the filing of Defendant's Reply thirteen days later. *Docs. 30, 38.*

## II. STANDARD

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."). *Accord Jones v. City and County of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based

on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

### III. ANALYSIS

Defendant premises his Motion to Stay on the theory that he "has asserted the defense of qualified immunity" in his Motion to Dismiss. *Doc. 28* at 4. As a result, he posits that "[w]here a defense of qualified immunity has been raised, 'until [the] threshold immunity question is resolved, discovery should not be allowed.'" *Doc. 38* at 2 (alteration in original) (quoting *Siegert*, 500 U.S. at 231). Additionally, Defendant notes that "when responding to a summary judgment motion based on qualified immunity, an opposing party who wishes to conduct additional discovery before responding to the motion must file a Rule 56(d) affidavit that demonstrates "how discovery will enable [him] to rebut . . . the validity of the defendant's qualified immunity assertion." *Id.* at 2-3 (quoting *Lewis v. City of Fort Collins*, 903 F.2d 752, 758 (10th Cir. 1990)); *see* FED. R. CIV. P. 56(d) (2011). Because, Defendant argues, Plaintiff has "failed to articulate how allowing him to depose [Defendant] at this point in time would create genuine issues of material fact sufficient to defeat the claim of qualified immunity," Defendant asserts that deposing Defendant "at this point would serve no useful purpose." *Id*. at 3-4 (citing *Ben Ezra, Weinstein & Co. v. Am. Online. Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)).

In response, Plaintiff advances multiple justifications for denying a stay. First, Plaintiff opines that Defendant's deposition "was originally scheduled for February 15, 2011, and had to be vacated because [Defendant's] attorney was late for [Plaintiff's] deposition, held on the same day, and took the entire day to depose him." *Doc. 30* at 1. According to Plaintiff, "the parties agreed to vacate [Defendant's] deposition and his attorney promised that the deposition could be re-scheduled at [Plaintiff's] convenience and that [Defendant] would appear." *Id.* at 1-2.

Next, Plaintiff argues that "the deposition of [Defendant] is necessary to develop facts to overcome [Defendant's] claim of qualified immunity." *Id.* at 2. Specifically, Plaintiff explains "[t]here are important questions to ask [Defendant] such as the basis of his claim that [Plaintiff] stole money from the lost wallet when the owner made no such claim." *Id.* at 5. By his estimation, "[t]ermination for theft by one of [Defendant's] officers would place [Defendant] squarely within qualified immunity, but where there is evidence that the charge was spurious or that the evidence is to the contrary, qualified immunity would not be appropriate." *Id.*

Finally, Plaintiff avers that he should be allowed to depose Defendant concerning the issue of statute of limitations. Plaintiff argues "that the time for filing the complaint should be tolled because of the failure of [Defendant] and the City to provide him with the documents that effected his termination or notify him of the basis of termination." *Id.* at

6. Because a "[f]ailure to disclose such facts may provide a defense," Plaintiff asserts that the Court should permit Plaintiff "to develop facts that may justify the late filing." *Id.*

Having reviewed the parties' pleadings, the Court finds that the instant case does not fall outside the general rule that a stay is appropriate. *See Jiron*, 392 F.3d at 414; *Workman*, 958 F.2d at 336. The Court does so for the reasons that follow.

First, the Court notes that Plaintiff neither requested additional time to respond to Defendant's Motion to Dismiss nor did he file an affidavit pursuant to Rule 56(d) detailing what discovery he would seek. Regardless of whether the parties had previously agreed on a date to depose Defendant, that compact fell apart and the record reflects that Plaintiff responded to Defendant's Motion to Dismiss with a twenty-one (21) page response and multiple exhibits.

Next, the Court finds it unlikely that Plaintiff's deposition of Defendant will raise issues of material fact related to the claim of qualified immunity. Although Plaintiff communicates his desire to depose Defendant regarding Plaintiff's alleged termination for "theft," the exhibit Plaintiff references to support this notion clearly evinces Defendant's desire to terminate Plaintiff for lack of reporting and dishonesty rather than theft. *Doc. 30*, attach. 3.

Lastly, the Court observes that all claims in this case arise from the same termination. Thus, much of the discovery conducted in regards to the statute of limitations

could later be relevant to the substance of the claims if they survived the qualified immunity defense. Consequently, if discovery proceeded on the statute of limitations issue, Defendant would have to be constantly vigilant about how the discovery might impact the substantive claims. Therefore, he would lose an important benefit of the qualified immunity defense. *See e.g. Iqbal*, 129 S. Ct. at 1953 ("It is quite likely that, when discovery as to other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position."). Thus, the Court finds a stay warranted as all claims.

## IV.  CONCLUSION

Pending the disposition of Defendant's Motion to Dismiss, a stay of discovery is appropriate to preserve the benefits of the immunity defenses and minimize discovery costs. This stay, however, will only remain pending a ruling on the Motion to Dismiss. If the dispositive motion is not granted as to all claims, then the Court will revisit the course of discovery in this case. Furthermore, should Plaintiff believe that some discovery on the issue of qualified immunity is necessary, they may file an affidavit pursuant to Federal Rule of Civil Procedure 56(d).[1]

---

[1] It is noted, however, that Plaintiff has already filed his Response to the Motion to Dismiss without any such affidavit.

Accordingly, **IT IS HEREBY ORDERED THAT:**

Defendant's "Motion to Stay Discovery" *(Doc. 28)* is **GRANTED**. Discovery as to all parties and as to all claims shall be stayed until the issue of qualified immunity is resolved.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE