IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Billy Glen Hayes,

    Plaintiff,

                                                    Case No. 10-cv-206 BB/GBW

v.

Russell K. Peterson, Chief of Police
of the City of Truth or Consequences,

    Defendant.

## MEMORANDUM OPINION

In this wrongful discharge case, a former police officer in Truth or Consequences, New Mexico, who was fired for allegedly violating department policy by accepting a monetary award from a citizen, has sued Chief of Police Defendant Russell K. Peterson. Defendant Peterson moves to dismiss, raising both the statute of limitations and qualified immunity in his defense. For the reasons explained below, the Court holds that the statute of limitations bars all of Plaintiff's claims. Consequently, Defendant's motion to dismiss (Doc. 22) is GRANTED.

### <u>Factual and Procedural Background</u>

Plaintiff Billy Glen Hayes was hired as a police officer for the City of Truth or Consequences on January 16, 2001. It is undisputed that on February 17, 2007, Plaintiff was on duty at the IGA grocery store in town when the store manager informed Plaintiff and a fellow officer that a cashier had found a wallet containing a large amount of money and credit cards. Plaintiff and the manager counted the money and found it to be $1835. Plaintiff took possession of the wallet and was able to contact the owner. Plaintiff agreed to meet the owner outside of the police station, where Plaintiff returned the wallet to the owner. The owner agreed that nothing had been taken from the wallet. The

wallet owner then offered to reward Plaintiff with $100. Plaintiff initially refused several times, but eventually accepted the money and told him that he would give the money to someone else (the parties dispute whether this third party was his wife, or the cashier who found the wallet). Plaintiff put the money in his desk for safe keeping.

On February 20, 2007, Plaintiff's supervisor, Lieutenant Apodaca, admonished Plaintiff that it was improper to accept awards and it was improper to accept property without issuing a receipt to the finder. On February 23, Plaintiff returned the $100 bill to the wallet owner. On February 24, Plaintiff filed an incident report regarding the wallet. Lieutenant Apodaca investigated the incident and recommended Plaintiff's termination. Defendant Chief of Police accepted the recommendation. Both parties agree that Plaintiff was terminated on March 5, 2007. (Doc. 22, at 3, 8); (Doc. 26, at 6, 12.) On March 30, 2007, Defendant filed a misconduct report with the New Mexico Law Enforcement Academy, summarizing the incident above. Plaintiff filed suit against Defendant for wrongful discharge on March 7, 2010, making claims under the Equal Protection Clause and under state law for malicious prosecution. (Doc. 1.)

## Discussion

This matter comes before the Court as a motion to dismiss. However, both sides have attached various exhibits to their briefs. Under Rule 12(d) of the Federal Rules of Civil Procedure, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The Court has chosen to consider the exhibits, and consequently treats this motion as one for summary judgment.

Summary judgment is proper if the pleadings, affidavits, and other exhibits show that there is no genuine issue regarding any material fact and further that on the undisputed facts, the law entitles the movants to judgment in their favor. *See* Fed. R. Civ. P. 56(c)(2). Material facts are those

which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court may not pass on the credibility of witnesses or weigh evidence, but rather must assess objectively whether factual issues exist for a jury to decide. *See id.* at 249.  A dispute of facts is "genuine" if a reasonable jury could return a verdict for the nonmoving party based on the nonmovant's version of the facts. *Id.* at 248.  In assessing whether genuine issues of material fact exist, the court must view the facts and draw reasonable inferences in the light most favorable to the non-movant. *See Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1379 (10th Cir. 1994).

Turning to Defendant's statute of limitations defense, there is no federal statute of limitations for actions under 42 U.S.C. § 1983. Accordingly, federal courts borrow the limitations period from the most appropriate state statute. *See Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). For Plaintiff's equal protection claims brought under section 1983, New Mexico's personal injury statute governs. *See Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). It provides a three-year statute of limitations. *See* N.M. Stat. § 37-1-8 (1978). For Plaintiff's malicious prosecution claim against a law enforcement officer, the New Mexico Tort Claims Act has established a two-year statute of limitations. *See* N.M. Stat. §§ 41-4-12 (waiving governmental immunity for malicious prosecution by a law enforcement officer); 41-4-15 (1978) (creating a two-year statute of limitations for torts committed by public officials).

Plaintiff concedes that his claim for malicious prosecution falls outside of the two-year statute of limitations, and thus, is untimely. (Doc. 26, at 15.) Further, the undisputed facts support this conclusion. The limitations period under the Tort Claims Act begins to run from the time of the injury. *Maestas v. Zager*, 152 P.3d 14 (N.M. 2007); *Armijo v. Regents of Univ. of N.M.*, 704 P.2d 437, 441 (Ct. App. 1984). Here, the alleged injury was Defendant's filing of the misconduct report,

which occurred on March 30, 2007. Plaintiff's filing on March 7, 2010 happened almost a year after the two-year statute had run.

This leaves the issue of whether Plaintiff's equal protection claims also fall outside of the three-year statute of limitations for section 1983 claims. Plaintiff concedes that he filed his lawsuit on March 7, 2010. (*Id.* at 8.) Plaintiff also concedes that he was terminated on March 5, 2007. (Doc. 26, at 6, 12.) Further, Defendant has provided evidence that Plaintiff was notified of his termination on March 5, by providing proof that an exit interview between Lieutenant Apodaca and Plaintiff occurred on March 5, 2007. (Doc. 22, Ex. 2.) Plaintiff provides no evidence that creates a material issue of fact regarding whether he was present at this interview. Consequently, the Court finds, based on the undisputed evidence, that Plaintiff received notice of his termination on March 5, 2007.

The period from the date of the injury to the date of filing spanned from 2007 to 2010.[1] In computing the year, the Court arrives at the same result whether it follows Federal Rule 6(a)(1) or New Mexico Supreme Court Rule 1-006(A). Consequently, it refrains from deciding which rule governs the calculation of a year for statute of limitations purposes under section 1983.[2] Following the guidance of these rules, the Court has calculated the number of days allotted under the statute

---

[1] Notably, either counting 2008 as a leap year or following the anniversary method would yield exactly the same result. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (general rule in federal courts is that, when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act.  The anniversary date is the "last day to file even when the intervening period includes the extra leap year day."); *LaRosa v. Cove Haven Inc.*, 840 F. Supp. 319, 321 (M.D. Pa. 1993) (counting the actual number of days in each year, rather than giving each year 365 days, in calculating the limitations period).

[2] Federal Rule 6(a)(1) provides that the day triggering the period should be excluded, every following day, including intermediate Saturdays, Sundays, and legal holidays should be counted, and the last day of the period should be counted unless it is a Saturday, Sunday, or legal holiday. F.R. Civ. P. 6(a)(1). New Mexico's rule provides for the same, with some additional caveats not relevant here. N.M.S.C.R 1-006(A).

4

of limitations, which is 1096 days (301 days for 2007, 366 days for 2008, 365 days for 2009, and 64 days for 2010). That period ended on March 5, 2010. Plaintiff filed one legal day after this deadline, on March 7, 2010 (excluding the weekend because it falls at the end of the period). Thus, Plaintiff's section 1983 claims are also untimely.

Plaintiff argues that even though he was fired on March 5, 2007, the Court should find the statute of limitations tolled until September of 2007, because Plaintiff allegedly did not know the nature and extent of the charges underlying his termination until that time. (Doc. 26, at 8.) Normally, the Court would be receptive to an equitable tolling argument in a case filed just a day late, if the law and facts justified the tardiness. However, Plaintiff's legal argument is meritless. Several circuits concur that in wrongful discharge cases, the accrual date for statute of limitations purposes is when the plaintiff receives notice that he has been fired, irrespective of when he comes to appreciate the reasons for his termination. *See Amini v. Oberlin College*, 259 F.3d 493, 498-500 (6th Cir. 2001) (holding that the statute of limitations begins to run "when the plaintiff learns of the employment decision itself, not when the plaintiff learns that the employment decision may have been discriminatorily motivated"); *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995) ("A plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful. . . . [Appellant's] injury was his termination."); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994) ("[A] claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong"); *Damiani Montalban v. P.R. Marine Mgmt*, No. 92-1070, 1993 U.S. App. U.S. DIST LEXIS 2998, at *10-11 (1st Cir. Feb. 23, 1993) (noting that "[a]n employer's failure or refusal to provide an aggrieved employee with the reasons for termination has no effect on the commencement

of the statute of limitations," but rather it begins when the plaintiff learns that he has been terminated).

As discussed above, Defendant has provided uncontested evidence that Plaintiff was informed of his termination on March 5, 2007.  (Doc. 22, Ex. 2.) Therefore, the Court finds this an improper case to exercise equitable tolling, even for a day. Consequently, the Court finds Defendant's statute of limitations defense to be meritorious, and thus need not address Defendant's qualified immunity argument.

Dated: June 28, 2011

**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**