IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BILLY HAYES**,

        Plaintiff,

v.                                           No. CIV 10-206 BB/GBW

**RUSSEL K. PETERSON,**
**Chief of Police of the City**
**of Truth or Consequences,**

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Hayes's motion to reconsider (Doc. 47). After considering all submissions of the parties and the applicable law, the Court will deny the motion.

### Background

Defendant filed a motion to dismiss (Doc. 22), which this Court granted as a summary judgment on June 28, 2011 (Doc. 44). On July 13, 2011, fifteen days later, Plaintiff filed the instant motion to reconsider (Doc 47). Specifically, Plaintiff contends this Court erred in ruling that his § 1983 claim was barred by the statute of limitations (Doc. 47).

### Discussion

**Standard for a Motion to Reconsider**

While Federal Rules of Civil Procedure do not recognize a specific "motion to reconsider," Rule 60(b) provides discretionary relief "from a final judgment, order, or

proceeding" for six limited causes.¹  *Fed. R. of Civ. P. 60(b).*  Relevant here is  60(b)(1), providing relief for "mistake, inadvertence, surprise, or excusable neglect."  *Fed. R. of Civ. P. 60(b)(1).*  In the Tenth Circuit, relief for "mistake" may include mistakes of law made by the Court.  *Cashner v. Freedom Stores*, 98 F.3d 572, 576 (10th Cir. 1996).  However, this is not merely a substitute for an appeal.  *Davis v. Kansas Dep't of Corr.*, 507 F.3d 1246 (10th Cir. 2007)*, Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).  Likewise, "such relief is available only for obvious errors of law, apparent on the record."  *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991).  Relief is "extraordinary" and confined to "exceptional circumstances."  *Bud Brooks Trucking, Inc.*, 909 F.2d at 1437.  The Court will consider whether this case has obvious errors and extraordinary circumstances warranting relief.

**Statute of Limitations**

In his motion to reconsider, Plaintiff asserts two sources of error in the Court's ruling: an error in determining the first day the applicable statute of limitations accrued, and an error in calculating final day of the same.  The parties agree that New Mexico's three-year statute of limitations governs Plaintiff's §1983 claim, while federal law governs the accrual time for this limitations period.  *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000).

First, in a civil rights claim, the statute of limitations begins to accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998), *quoting Baker v. Board of Regents*, 991 F.2d 628, 632 (10th Cir.1993).  Accordingly, when a plaintiff is notified of an injurious action before it is finalized, the date of notification begins the statute of limitations.  *Id.* A wrongfully discharged

---

¹ Motions filed after 10 days of the judgment, such as the one here, are considered under Rule 60.  *Allender  v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).  Motions filed within 10 days of the judgment are considered under Rule 59.  *Id., Fed. R. Civ. P. 59(b).*

plaintiff knows of his injury once "the decision to terminate is made and the employee is informed of the pending termination," regardless of when the termination later becomes official. *Jakimas v. Hoffmann-LaRoche, Inc.*, 485 F.3d 770, 779-780 (3d Cir. 2007).

In this case, Plaintiff asserts that on "March 5, 2007, Plaintiff was given notice that he was being terminated by the City." (Doc. 47 at 2, 5). Plaintiff learned of his injury on March 5, so the official termination date is irrelevant. Therefore, as stated in the Memorandum Opinion, the statute of limitations accrued on March 5, 2007.

Second, to determine the end of three-year period, Fed. R. Civ. P. 6(b) provides the method of calculation. Put simply, the Rule provides that when a statute of limitations is calculated by years, "the last day for instituting the action is the anniversary date of the relevant act." *United States v. Hurst,* 322 F.3d 1256, 1260 (10th Cir. 2003). The Rule achieves this result by counting a full year from the date of the relevant act, excluding that date. *Fed. R. Civ. P. 6.* Excluding this date is necessary to have a limitations period expire *on* the anniversary, rather than one day earlier. *See, e.g. United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. Ill. 2000).[2] Contrary to Plaintiff's contention, the rules neither envision nor create a three-year statute of limitations that ends one day *after* the anniversary.

Here, the relevant act occurred on March 5, 2007, when Plaintiff learned of his termination. The three-year limitations period expired on the third anniversary, March 5, 2010. Plaintiff filed his claim on March 7, 2010, two days after the limitations period had expired. March 5 was a Friday, so the period is not extended for weekends or holidays under Fed. R. Civ. P. 6(c).

---

[2] Moore's Federal Practice guide provides a useful illustration. "For example, if a paper must be filed within one year from an event that occurred on October 1, 2020, then the first day counted would be October 2, 2020, and the filing period would end on October 1, 2021, exactly one year later; if the date of the event were included in the calculation, the last day would be September 30, 2021. Thus, the time period ends on the anniversary date of the event, not the day before." James William Moore, 6 *Moore's Federal Practice* § 6.04[1][b] (3d ed. 2007)*.*

Therefore, Plaintiff's claim was untimely and his motion to reconsider is DENIED.

## ORDER

It is hereby ORDERED that State Defendants' motion to reconsider (Doc. 47) be, and hereby is, DENIED.

Dated this 25th day of August, 2011.

                                                BRUCE D. BLACK
                                                United States District Judge